IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01556-GPG

AUSTIN RAY,

    Plaintiff,

v.

ARLETA MOON, Special Agent I.R.S.,
EIGHT UNKNOWN FEDERAL I.R.S. AGENTS,
COLORADO DEPT. OF CORRECTIONS,
UNKNOWN STATE EMPLOYEES,
ANNA EDGAR, A.U.S.A,
GARY PACHECO, Parole Officer, State of Colorado,
ERICKA MARTIN, Program Director, CMI,
DOES I THRU 100, Federal and State Actors,

    Defendants.

ORDER TO STAY THE COMPLAINT AND
ADMINISTRATIVELY CLOSE THE ACTION

    This matter is before the Court on the remand entered by the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in the instant action on December 21, 2015.  The Tenth Circuit reversed this Court's dismissal of Plaintiff's civil rights suit, and remanded for further proceedings consistent with the December 21 disposition.  This Court, therefore, will stay the Complaint and administratively close the action pursuant to the findings below.

    Plaintiff filed this action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983 and 1985, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   Plaintiff asserts that federal agents removed him from

the State of Colorado "preparole conditional supervision program" at a Community Corrections Facility without a writ of habeas corpus ad prosequendum or a detainer. Plaintiff contends that the removal and subsequent placement at a federal facility pending a federal criminal prosecution violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. ECF No. 1 at 4-13. Plaintiff seeks money damages.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Under the *Heck* rule, the accrual of a cause of action is deferred until the conviction or sentence has been invalidated. *See Wallace v. Kato*, 549 U.S. 384, 392-93 (2007). *Heck*, however, does not apply to anticipated future convictions. *See id.* at 393 (2007) ("[T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment." (quotations, emphasis, and ellipses omitted)).

In *Wallace*, the Supreme Court instructed:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [*Heck*, 512 U.S.] at 487-488, n. 8, 114 S. Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S. Ct. 2364.

549 U.S. at 1098.   In *Heck*, the Court also gave as an example that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."   *Heck*, 512 U.S. at 487 n.8.   "*Heck* applies to *Bivens* actions." *Crow v. Penry*, 102 F.3d 1086 (10th Cir. 1996) (per curiam).

Plaintiff was convicted by a jury trial on January 27, 2016, and is awaiting sentencing.   *See United States v. Rasamee, et al.*, No. 14-cr-00147-MSK, ECF No. 343 (D. Colo. Filed Apr. 10, 2014).   Based on the claims presented, the Court finds abstention in this case is appropriate during the pendency of the sentencing, an appeal, or habeas action in Case No. 14-cr-00147-MSK.   Accordingly, it is

ORDERED that this action is ADMINISTRATIVELY CLOSED, subject to reopening for good cause after resolution of the underlying federal criminal proceedings, and any associated habeas proceedings.   It is

FURTHER ORDERED that if Plaintiff desires to continue with this case after sentencing he must request that the stay be lifted, within thirty days of disposition of the sentencing, unless an appeal or other collateral proceeding is sought.   If he appeals the conviction or seeks habeas relief a request to lift the stay must be filed within thirty days of the completion of the appellate or habeas process.

DATED at Denver, Colorado, this   26th   day of   February  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court